### EBENEZER H. WADE *vs.* WILLIAM H. MASON.

An agreement by a bailee not to remove the chattel from the premises without the bailor's consent is not broken by its removal by an officer attaching it on mesne process against the bailee; and such removal does not give the bailor a right of possession sufficient to enable him to maintain replevin against the officer.

REPLEVIN of a piano. At the trial in the superior court of Suffolk at March term 1857, there was evidence of these facts: George Graham had hired the piano of the plaintiff, under an agreement in writing, signed by Graham, containing this clause · " I further agree not to remove the same from the premises at No. 6 Fruit Street, Boston, without permission of the said Wade." The defendant as an officer attached the piano on mesne process against Graham, and the plaintiff immediately replevied it and returned it to Graham. The plaintiff had never given permission to remove it.

*Abbott*, J. ruled, that " upon the removal of the piano from the premises in Fruit Street the plaintiff had a right of possession necessary to maintain this action, and was entitled to a verdict." A verdict was returned accordingly, and the defendant alleged exceptions.

*A Russ*, for the defendant.

*B. F. Hallett*, for the plaintiff.

METCALF, J. This action cannot be maintained. It is settled law that a party, in order to maintain replevin, trover or trespass *de bonis*, must have possession or the right to immediate possession of the property for which, or for the conversion or seizure of which, either of these actions is brought. *Wheeler* v. *Train*, 3 Pick. 255. *Collins* v. *Evans*, 15 Pick. 63. *Fairbank* v. *Phelps*, 22 Pick. 535. *Muggridge* v. *Eveleth*, 9 Met. 233. In

the present case the plaintiff had bailed the piano to Gra‑ham, on terms which Graham had not violated at the time when it was attached by the defendant. If Graham, before the attachment, had violated the terms of the bailment, by sell‑ing the piano, or by removing it without the plaintiff's consent from the premises at No. 6 Fruit Street, the plaintiff's right to immediate possession would have attached. *Farrant* v. *Thomp‑son,* 2 D. & R. 1, and 5 B. & Ald. 826. *Daniels* v. *Pond,* 21 Pick. 367. But Graham's agreement not to remove it from those premises was not broken by the removal of it therefrom by the defendant. *Smith* v. *Putnam,* 3 Pick. 221. Platt on Cov. 416. *Exceptions sustained.*